Commonwealth *v.* Lindsey, Appellant.

Submitted April 14, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Burton L. Fish,* for appellant.

*Michael M. Palmisano,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, June 30, 1971:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was charged in seven indictments with Burglary, Assault with Intent to Ravish, and Assault and Battery, and went to trial before a judge and jury. The three victims of the attacks, all females, testified that at approximately 2 a.m. appellant broke into the buildings where they were working or sleeping, struggled with them, and then ran off. Their testimony indicated that he did not seem to know where he was, and that he was physically abusive. The arresting officer

testified that, in response to a call from one of the victime, he arrested appellant walking down the street without his shirt on. Although appellant acted "very belligerent", he was subdued and taken back to the victims, at which time he was identified.

Appellant took the stand in his own defense and testified in a very confused and disoriented manner that he had in fact been in the buildings, but that he was only looking for food. He indicated that he had no sexual designs on the women, but in fact felt that they were picking on him after he innocently stumbled into the room with them.

Defense counsel attempted to raise the defense that appellant lacked the requisite mental intent to commit the crimes charged. Counsel offered as a witness the warden of the prison in which appellant was incarcerated after arrest. This witness' testimony was offered on the issues of insanity, as he would have testified that appellant's conduct while in custody indicated that he was not in possession of all normal faculties. Upon objection the trial judge excluded the testimony because the warden was not a medical expert and was "not qualified to testify to psychiatric matters." The court also refused to allow the issue of insanity to be raised in defense counsel's argument to the jury.

Appellant was found guilty as charged. Post trial motions were denied, and from judgment of sentence this appeal followed.

Appellant contends that he was improperly prevented from placing the issue of insanity before the jury. Our Supreme Court has repeatedly held that "testimony of laymen as well as experts is admissible in determining the mental status of a criminal defendant but that all of such testimony is for the consideration of the legal tribunal, be it court or jury, which has the ultimate determination of the issue . . . 'You do not have to be a psychiatrist to judge whether a man's ac-

14

tions are normal or abnormal.' " *Commonwealth v. Moon,* 386 Pa. 205, 212-213, 125 A. 2d 594, 598 (1956). "A lay witness may testify to the mental condition of a person when the facts upon which the opinion is based are stated." *Owens Appeal,* 167 Pa. Superior Ct. 10, 17, 74 A. 2d 705, 709 (1950).

According to the offer of proof, the warden would have testified as to facts of appellant's conduct while in custody which would be indicative of his mental condition. A warden's testimony is significant because he has the opportunity to observe many prisoners and must make judgments as to their mental state. *Commonwealth v. Wireback,* 190 Pa. 138, 44 A. 1102 (1899). The jury also had before it the testimony of the victims of the crimes, the arresting officer, and appellant himself. In addition, there was uncontradicted evidence that eight days before the offense appellant had been released from Warren State Hospital after an eighty-two day stay.

All of the witnesses described appellant's actions at the time of the offense, actions which were relevant to the issue of sanity, and which the jury could find "abnormal". The unknown testimony of the warden which was excluded, combined with the lay testimony presented, may have been sufficient to rebut the presumption of sanity and shift the burden of proof as to sanity to the Commonwealth. Cf. *Commonwealth v. Vogel,* 440 Pa. 1, 268 A. 2d 89 (1970). The lower court's requirement that expert medical testimony be produced was unwarranted, since in comparison to facts and observations related by witnesses and the accused, a psychiatrist's opinion may be entitled to little weight. *Commonwealth v. Carroll,* 412 Pa. 525, 194 A. 2d 911 (1963).

I believe that appellant was improperly precluded from presenting his defense of insanity to the jury. Accordingly, I would vacate the the judgment of sen-

tence and remand the record for a new trial consistent with this opinion.

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.